## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

THOMAS MUNGAR,

      Petitioner,                     Civil No. 2:13-CV-11366
                                        HONORABLE VICTORIA A. ROBERTS
v.                                   UNITED STATES DISTRICT JUDGE

SHERRY BURT,

      Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Thomas Mungar, ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* habeas petition, Petitioner challenges his conviction and sentence for second-degree murder, M.C.L.A. § 750.317 and felony firearm, M.C.L.A. § 750.227b For the reasons that follow, the petition for writ of habeas corpus is DENIED.

### I. Background

      Petitioner was convicted after a jury trial in Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F. 3d 410, 413 (6th Cir. 2009):

> In the early morning hours of March 22, 2007, defendant became embroiled in an argument with Anthony McCurdy, Harry Phillips, and Michell White.

1

Following a chaotic sequence of events, defendant and McCurdy found themselves alone on a dark residential street. It is undisputed that defendant shot and killed McCurdy. Defendant claims the shooting was accidental. Ultimately, a jury acquitted defendant of the charged offense of first-degree premeditated murder, MCL 750.316(1)(a), but convicted him of the lesser included offense of second-degree murder, MCL 750.317, as well as possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The court sentenced defendant to consecutive terms of 15 to 30 years' imprisonment for the murder conviction and two years' imprisonment for the felony-firearm conviction.

At approximately 2:30 a.m. on March 22, 2007, Anthony McCurdy, Harry Phillips and Michell White were spending time together at a home on Sanders Street in Detroit. The three decided to steal scrap metal from a nearby industrial yard, which they could then sell for a profit. McCurdy and Phillips made multiple trips between the industrial yard and the Sanders Street house to accomplish their goal. On their final trip back to the house, McCurdy and Phillips encountered defendant. Defendant contends that he unwittingly witnessed McCurdy's and Phillips's illegal conduct and the men forced him to accompany them to the Sanders Street house. The prosecution contends that defendant approached Phillips and McCurdy on the street and followed them uninvited into the residence. During these events, defendant admittedly was carrying a double barrel shotgun inside a black nylon bag.

The witnesses disagree regarding what occurred inside the Sanders Street home. Defendant claims that McCurdy and Phillips held him captive inside the home by threatening him with a steak knife. Phillips claims that defendant was the captor. At some point, White left the home out of fear for her safety. Phillips was able to take the shotgun from defendant and left the home to hide the weapon in an adjacent alley. Yet, McCurdy and Phillips inexplicably decided to return the shotgun to defendant.

What occurred next is even more unclear. White apparently became so frightened that she ran several blocks to her brother's home. Phillips followed her. White told her brother and her brother's neighbor about her encounter with the armed defendant. White's brother drove her back to the Sanders Street home. As their vehicle turned onto Sanders, White saw defendant chasing McCurdy in circles in the street. She then saw defendant shoot McCurdy one time. Defendant claims that McCurdy continued to threaten him with a knife after White and Phillips left. After chasing defendant into the street, McCurdy threw the knife at defendant. Defendant claims that he ran

2

away from McCurdy and was forced to turn around when McCurdy "caught up with" him.  While trying to maintain his balance, defendant claims he tripped and raised his arms into the air.  Defendant was holding the shotgun in one hand.  He asserts that the "swing factor" against the weapon as defendant raised it into the air caused the trigger to pull, firing the shotgun.  Defendant then ran from the scene.

*People v. Mungar,* No. 295146, 2011 WL 4501595, at *1 (Mich. Ct. App. Sept. 29, 2011).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 491 Mich. 887, 809 N.W.2d 596 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds: (1) trial counsel failed to object to the admission of untested evidence, present evidence, and investigate and fully cross-examine witnesses, (2) the court failed to fully instruct the jury on the intent element of second-degree murder, (3) the prosecutor committed misconduct by vouching for a witness during closing, suborned perjury, colluding with the police, and failing to conduct polygraph examinations of all witnesses, (4) Petitioner was denied his right to a speedy trial, and (5) the cumulative effect of errors during trial denied Petitioner a fair trial.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

3

> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a

4

claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*  Habeas relief is not appropriate unless each ground which supported the state court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert,*  132 S. Ct. 1195, 1199 (2012).

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 562 U.S. at 102.  Although 28 U.S.C. § 2254(d) as amended by the AEDPA does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (citing *Jackson v. Virginia,* 443 U.S. 307, 332,

5

n. 5 (1979)(Stevens, J., concurring in judgment)).  Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24.  In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

### III.  Discussion

**A.  Claim # 1.  Ineffective Assistance of Counsel.**

Petitioner contends that trial counsel was ineffective.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.*  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional

6

errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are

7

not in operation when the case involves review under the *Strickland* standard itself."
*Harrington*, 562 U.S. at 101.  "Surmounting *Strickland's* high bar is never an easy task."
*Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner alleges that trial counsel was ineffective for failing to fully cross-examine Michell White.

"Courts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel." *Dell v. Straub,* 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002).  "Impeachment strategy is a matter of trial tactics, and tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available." *Id.*

Trial counsel's performance did not constitute ineffective assistance of counsel where the record shows that trial counsel carefully cross-examined the prosecution witnesses and in his closing argument emphasized the inconsistencies and weaknesses in the testimony of the various witnesses, as well as their possible motivations for fabricating these charges against petitioner. *See Krist v. Foltz,* 804 F. 2d 944, 948-49 (6th Cir. 1986); *Millender v. Adams,* 187 F. Supp. 2d 852, 872 (E.D. Mich. 2002).

Although other attorneys might have reached a different conclusion about the value of cross-examining White in greater detail, counsel's strategic choice not to further cross-examine White was "'within the wide range of reasonable professional assistance.'" *See Moss v. Hofbauer,* 286 F. 3d 851, 864 (6th Cir. 2002)(quoting *Strickland*, 466 U.S. at 689).  Counsel's strategic choice to forego more in-depth cross-

examination is "virtually unchallengeable" because he made it after considering the

relevant law and facts of the case. *Id.*  Furthermore, Petitioner failed to identify how

additional impeachment of Michell White would have affected the jury's decision.  Trial

counsel impeached White's testimony that the victim said to Petitioner "you are going to

have to shoot me," with the statement she provided to the police that night which did not

contain that remark.  Counsel also questioned White about the amount of alcohol she and

the others consumed that night. (Tr. 10/14/2009, pp. 633-64).  Trial counsel did not

perform ineffectively by not more forcefully cross-examining Michell White,

particularly when the effect of further probing was entirely speculative on Petitioner's

part. *See Jackson v. Bradshaw,* 681 F.3d 753, 764-65 (6th Cir. 2012).

Petitioner alleges that counsel was ineffective for failing to cross-examine Harry

Phillips.  The Michigan Court of Appeals rejected Petitioner's claim:

> Defendant challenges trial counsel's decision not to cross-examine Phillips
> at trial.  Again, we presume that counsel's decision "to call or question
> witnesses" amounts to sound trial strategy. Defendant specifically argues that
> trial counsel should have impeached Phillips's trial testimony with his prior
> inconsistent statements to the police.  Phillips's statement to the police is not
> part of the lower court record.  Therefore, it cannot be apparent on the record
> that counsel committed error by failing to impeach Phillips.  In any event,
> Phillips did not actually witness the shooting.  Therefore, defense counsel
> could not have clarified whether defendant accidentally shot McCurdy
> through further impeachment of this witness.

*People v. Mungar*, 2011 WL 4501595, at * 3.

Petitioner failed to provide Phillips's statement to the police, thus, it is unclear

whether there was anything in the statement that could be used to impeach Mr. Phillips.

Mr. Phillips did not witness the shooting. Trial counsel did not perform ineffectively by failing to cross-examine Mr. Phillips, when the effect of any cross-examination is entirely speculative on Petitioner's part. *See Jackson v. Bradshaw,* 681 F.3d at 764-65. Petitioner is not entitled to relief.

Petitioner claims that trial counsel failed to keep out evidence of the nylon bag.

The Michigan Court of Appeals rejected petitioner's claim, finding that the challenged prosecutorial exhibit was validated by the witness testimony of Michell White and Detroit Police Officer Todd Push who recovered the bag that was depicted in the photograph. The Michigan Court of Appeals further found that the evidence was relevant and admissible, thereby defeating petitioner's claim that counsel was ineffective for failing to object to its admission. *Mungar,* 2011 WL 4501595, at * 4.

It is well-settled "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)(*quoting Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). Because the Michigan Court of Appeals determined that this evidence was relevant and admissible under Michigan law, this Court must defer to that determination in resolving petitioner's ineffective assistance of counsel claim. *See Brooks v. Anderson*, 292 Fed. Appx. 431, 437-38 (6th Cir. 2008); *Adams v. Smith*, 280 F.Supp.2d 704, 721 (E.D. Mich. 2003)*.* The failure to object to relevant and admissible

10

evidence is not ineffective assistance of counsel. *See Alder v. Burt,* 240 F. Supp. 2d 651, 673 (E.D. Mich. 2003).

Petitioner alleges that trial counsel was ineffective in failing to introduce into evidence White's preliminary examination testimony and witness statements to the police when Petitioner testified.

The Michigan Court of Appeals rejected Petitioner's claim, finding the proposed evidence to be inadmissible hearsay if offered through Petitioner's testimony to prove the truth of the matter asserted. This evidence could only be offered at the time the declarant testified. *Mungar,* 2011 WL 4501595, at * 4. Counsel was not ineffective for failing to introduce inadmissible hearsay into evidence. *See Beauchamp v. McKee*, 488 Fed. Appx. 987, 994 (6th Cir. 2012)(Murder defendant was not prejudiced by defense counsel's failure to investigate letters purportedly sent by defendant's cousin who had implicated him in killings, which were inadmissible hearsay under state law, and therefore failure to investigate did not support claim of ineffective assistance of counsel).

Petitioner alleges that trial counsel was ineffective for failing to investigate witnesses.

Although Petitioner mentions the names of witnesses that he contends should have been called on his behalf, Petitioner failed to attach any affidavits from these witnesses to his motion or to his supplemental brief, nor did he provide this Court with any affidavits from these witnesses concerning their proposed testimony and willingness to testify on the Petitioner's behalf. Conclusory allegations of ineffective assistance of

11

counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). Petitioner failed to present any evidence to the state courts in support of his ineffective assistance of claim; he is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)). Petitioner offered, neither to the Michigan courts nor to this Court, no evidence beyond his own assertions as to whether the witnesses would have been able to testify and what the content of these witnesses' testimony would have been. In the absence of such proof, Petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551, 557 (6th Cir. 2007).

**B. Claims ## 2-4 The Defaulted Claims.**

Respondent contends that Petitioner's remaining claims are procedurally defaulted for various reasons. Petitioner's second claim alleges that the trial judge failed to fully instruct the jury on the intent element for second-degree murder. Petitioner's third claim alleges prosecutorial misconduct. Petitioner's fourth claim alleges a violation of the right to a speedy trial.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can

12

demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

> **1. The jury instruction claim.** (Claim two).

Respondent contends that Petitioner's second claim about the judge's failure to fully instruct the jurors on the intent element for second-degree murder is procedurally defaulted because petitioner's counsel did not object to the jury instructions and expressed satisfaction with the instructions given by the court.

Where a defendant's attorney expresses satisfaction with the trial court's handling of the matter, as was the case here, the claim of error regarding the issue is waived for appellate review. *See People v. Carter,* 462 Mich. 206, 219; 612 N.W. 2d 144 (2000).

13

The Michigan Court of Appeals found the claim to be waived because Petitioner expressly approved of the instructions and failed to object. *Mungar,* 2011 WL 4501595, at *5. The Michigan Court of Appeals relied on counsel's expression of approval of the jury instructions to reject Petitioner's jury instruction claim; this issue is procedurally defaulted. *See McKissic v. Birkett,* 200 Fed. Appx. 463, 471 (6th Cir. 2006).

    **2. The prosecutorial misconduct and speedy trial violations.** (Claims three and four).

Petitioner's third claim alleging prosecutorial misconduct is procedurally defaulted due to Petitioner's failure to object at trial. Because the claim was unpreserved, the Michigan Court of Appeals reviewed the claim for plain error. *Mungar,* 2011 WL 4501595, at * 6.

Petitioner's fourth claim alleging a speedy trial violation is procedurally defaulted due to Petitioner's failure to object at trial. Because the claim was unpreserved, the Michigan Court of Appeals reviewed the claim for plain error. *Mungar,* 2011 WL 4501595, at * 6.

The Michigan Court of Appeals clearly indicated that by failing to object to the prosecutorial misconduct and speedy trial violations, Petitioner failed to preserve these claims. The fact that the Michigan Court of Appeals engaged in plain error review of Petitioner's third and fourth claims does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this court should view the Michigan Court of Appeals' review of Petitioner's claims for plain error

14

as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001).

Petitioner argues that trial counsel was ineffective for failing to object to the prosecutor vouching for her witnesses. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of Petitioner's defaulted claims, the Court considers the merits of this claim. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F. 3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45.

Petitioner alleges that the prosecutor vouched for her witnesses in closing argument by saying that they did not know the petitioner and did not have a motive to lie. A prosecutor is free to argue that the jury should arrive at a particular conclusion

15

based upon the record evidence. *Caldwell v. Russell*, 181 F.3d 731, 737 (6th

Cir.1999)(internal citations omitted).  The test for improper vouching for a witness is

whether the jury could reasonably believe that the prosecutor was indicating a personal

belief in the witness' credibility. *United States v. Causey*, 834 F. 2d 1277, 1283 (6th Cir.

1987).  "[G]enerally, improper vouching involves either blunt comments, or comments

that imply that the prosecutor has special knowledge of facts not in front of the jury or of

the credibility and truthfulness of witnesses and their testimony." *See United States v.

Francis,* 170 F. 3d 546, 550 (6th Cir. 1999)(internal citations omitted); *See also Griffin

v. Berghuis,* 298 F. Supp. 2d 663, 674-75 (E.D. Mich. 2004).  It is worth noting that the

Sixth Circuit has never granted habeas relief for improper vouching. *Byrd v. Collins,* 209

F.3d 486, 537 and n. 43 (6th Cir. 2000).  Even on direct appeal from a federal

conviction, the Sixth Circuit has held that to constitute reversible error, a prosecutor's

alleged misconduct of arguing his personal belief, in a witness' credibility or in a

defendant's guilt, must be flagrant and not isolated. *See United States v. Humphrey,* 287

F. 3d 422, 433 (6th Cir. 2002).

Numerous cases have held that a prosecutor does not engage in vouching by

arguing that his witnesses have no reason or motivation to lie, when such comments are

based on the evidence and do not reflect a personal belief of the prosecutor. *See United

States v. Jackson,* 473 F. 3d 660, 672 (6th Cir. 2007); *U.S. v. Israel,* 133 Fed. Appx. 159,

165 (6th Cir. 2005); *U.S. v. Parker,* 49 Fed. Appx. 558, 563 (6th Cir. 2002); *see also

Alder v. Burt,* 240 F. Supp. 2d at 669 (prosecutor did not engage in improper vouching

16

when he argued that there was no evidence that prosecution witness had "axe to grind" or any other improper motive, when he asked rhetorically whether person who would burn 19-year-old female's body to destroy evidence would give truthful testimony, or when he asked whether prosecution witnesses had any reason to lie).

As the Michigan Court of Appeals indicated in its opinion, *See Mungar,* 2011 WL 4501595, at * 7, the prosecutor's remarks did not amount to improper vouching because they were made in reference to the evidence that was presented in court.  Moreover, the trial court judge instructed the jurors that the lawyers' arguments were not evidence. (Tr. 10/15/2009, pp. 38-39).  Any alleged vouching did not rise to the level of a due process violation, in light of the fact that the jury was informed by the judge that the prosecutor's arguments were not evidence. *Byrd,* 209 F. 3d at 537-38.

The Court rejects Petitioner's related ineffective assistance of counsel claim.

To show prejudice under *Strickland* for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different. *See Hinkle v. Randle,* 271 F. 3d at 245.

Petitioner cannot show that counsel was ineffective for failing to object to the prosecutor's alleged misconduct, in light of the fact that the Michigan Court of Appeals found on direct appeal that the remarks were not improper. *See Finkes v. Timmerman-Cooper,* 159 Fed. Appx. 604, 611 (6th Cir. 2005).  Because the prosecutor's

17

comments did not amount to improper vouching, counsel's failure to object to the prosecutor's comments and questions was not ineffective assistance of counsel. *See Tinsley v. Million,* 399 F. 3d 796, 808 (6th Cir. 2005).  Petitioner is not entitled to habeas relief on this part of his prosecutorial misconduct claim.

Petitioner does not offer any reasons to excuse the procedural default on the jury instruction claim (Claim two), the remainder of his prosecutorial misconduct claims (Claim three) or the speedy trial claim (Claim four).  Although Petitioner raised several ineffective assistance of counsel claims on direct appeal, he did not raise any claims concerning counsel's failure to object to the allegedly faulty jury instruction (Claim two), the remaining prosecutorial misconduct claims (Claim three), or to the alleged speedy trial violation (Claim four).

For ineffective assistance of counsel to constitute cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *Edwards v. Carpenter*, 529 U.S. at 451.  Petitioner raised claims with the state courts involving trial counsel's ineffectiveness, but did not raise a claim in the state courts regarding counsel's failure to object to the faulty jury instruction (Claim two).  Petitioner failed to raise a claim that trial counsel was ineffective for failing to object to the prosecutor suborning perjury, colluding with the police, or failing to administer polygraph examinations to the witnesses. (Claim three).   Petitioner also failed to raise a claim that counsel was ineffective for failing to object to the alleged speedy trial violation. (Claim four).  The alleged ineffectiveness of counsel cannot constitute cause to excuse Petitioner's default

18

with respect to these claims. *See Wolfe v. Bock,* 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006).

Petitioner failed to offer any reasons to excuse the procedural default of Claims two, three and four. Because Petitioner did not demonstrate any cause for his procedural default, it is unnecessary for the Court to reach the prejudice issue. *Smith*, 477 U.S. at 533. Additionally, Petitioner did not present any new reliable evidence to support any assertion of innocence which would allow this court to consider these claims as a ground for a writ of habeas corpus in spite of the procedural default. Because Petitioner did not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review the procedurally defaulted claims on the merits. *See Campbell v. Grayson,* 207 F. Supp. 2d 589, 597-98 (E.D. Mich. 2002). Petitioner's second, third, and fourth claims are procedurally defaulted.

### C.  Claim # 5. Cumulative Error.

Petitioner claims that cumulative error denied him a fair trial.

The cumulative weight of alleged constitutional trial errors in a state prosecution does not warrant federal habeas relief. There is no clearly established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. *Moore v. Parker,* 425 F. 3d 250, 256 (6th Cir. 2005). Petitioner is not entitled to habeas relief on the grounds of cumulative error. *Id.*

### IV.  Conclusion

The Court denies the petition for writ of habeas corpus. The Court denies a

19

certificate of appealability as well.  To obtain a certificate of appealability, a prisoner

must make a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable

jurists could debate whether, or agree that, the petition should have been resolved in a

different manner, or that the issues presented were adequate to deserve encouragement to

proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court

rejects a habeas petitioner's constitutional claims on the merits, the petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims to be debatable or wrong. *Id.* at 484.  Likewise, when a district

court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claims, a certificate of appealability should issue, and an appeal

of the district court's order may be taken, if the petitioner shows that jurists of reason

would find it debatable whether the petitioner states a valid claim of the denial of a

constitutional right, and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling. *Id.* at 484.  When a plain procedural bar is

present and the district court is correct to invoke it to dispose of the case, a reasonable

jurist could not conclude either that the district court erred in dismissing the petition or

that the petition should be allowed to proceed further.  In such a circumstance, no appeal

would be warranted. *Id.*  "The district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." Rules Governing §

2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

20

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability; he failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court denies a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if Petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. <u>ORDER</u>

(1) The Petition for Writ of Habeas Corpus is **DENIED.**

(2) A Certificate of Appealability is **DENIED.**

(3) Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

**IT IS ORDERED.**

<u>S/Victoria A. Roberts</u>
United States District Judge

Dated:  January 22, 2016

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Thomas Munger by electronic means or U.S. Mail on January 22, 2016.

<u>s/Linda Vertriest</u>
Deputy Clerk

---